I concur the majority's analysis and disposition of the casesub judice.
However, I take issue with the majority's interpretation of our previous decision in Lallathin ". . . required probable cause as to each person found on the premises." (Majority Opinion at 6). I do not read Lallathin as narrowly as the majority or the trial court read the decision. They apparently believe Lallathin requires probable cause be stated specifically as to each individual found on the premises. I interpret Lallathin more broadly, requiring specific information any person found on the premises is likely to have contraband. I believe the requirement this Court set forth inLallathin is substantively similar to that established by the Ohio Supreme Court in Kinney.
Like the majority, I find the affidavit submitted in support of the search warrant wanting under the guidelines set forth inKinney. As noted by the majority, in order to find compliance with the Kinney guidelines, the magistrate, and this Court, are required to make several inferences. The Kinney court found the facts therein presented a close question. Noticeably present inKinney, but absent herein, is the fact drugs had previously been found in the subject premises. I respectfully disagree with the majority's conclusion, "there was a substantial basis for the magistrate's determination of probable cause" relative to the "all persons" portion of the search warrant.
Nevertheless, I concur in the majority's decision to reverse and remand this case, but would do so under the good faith exception set forth in Leon.
Contrary to appellee's assertion, I do not find the magistrate was mislead by a "false" affidavit. The affiant averred the subjects dealing in the drugs mentioned were likely to keep drugs on their persons. The subjects dealing in drugs included both buyers and sellers. The affiant's subsequent testimony drug dealers (arguably implying sellers only) do not keep "large" amounts of drugs anywhere near their persons is not necessarily inconsistent with the assertion in his affidavit. Additionally, I do not find the affidavit's failure to measure up to the Kinney guidelines sufficient to defeat the good faith exception established in Leon. Accordingly, I concur in the majority's decision to reverse and remand this case for further proceedings.[1]
 --------------------------- JUDGE WILLIAM B. HOFFMAN
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
-----------------------
-----------------------
 ----------------------- JUDGES
[1] I have reservations as to whether appellee was "on the premises" at the time the search warrant was executed. Appellant was first observed after she had "just stepped outside" of the apartment. Tr. at 15. As this issue is not addressed in the briefs, I choose not to render my decision based upon such an analysis.